UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAYMES E HART, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>  Defendants. | Case No. 3:17-cv-01106-JPG-DGW |

### MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on defendant Equifax Information Services, LLC's motion for judgment on the pleadings. (Doc. 16.) The plaintiff never responded to the motion. For the following reasons, the Court **GRANTS** Equifax's motion.

### I. BACKGROUND

Plaintiff Jaymes Hart was an inmate at Centralia Correctional Center when he filed this action. He alleges that he sent a three letters directly to Equifax in which he requested a free copy of his credit report pursuant to the Fair Credit Reporting Act. (ECF No. 1-2.) Hart argues that since Equifax refused to send him a free copy in response, he is entitled to damages. This case is but one in a bundle of cases that Illinois state prisoners from Centralia have recently filed, all with curious similarities between them.

### II. LEGAL STANDARDS

#### A. Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim: the pleadings must plausibly suggest that the plaintiff has a right to relief above a speculative level.

1

*Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). In ruling on a motion for judgment on the pleadings, the Court considers the complaint, answer, and any written instruments attached to those pleadings; accepts all well-pleaded allegations in the complaint as true; and draws all inferences in favor of the plaintiff. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

### B. The Fair Credit Reporting Act

The Fair Credit Reporting Act commands that once per year, if a consumer requests a free copy of their credit report, all consumer reporting agencies—such as TransUnion—must provide the free copy to the consumer. 15 U.S.C. § 1681j(a)(1)(A). The consumer must, however, request the copy from the "central source established for such purpose". 15 U.S.C. § 1681j(a)(1)(B). The upshot of the statute's design is that consumers can obtain their free credit reports from *all* of the agencies by making only a single request through the central source, rather than having to contact each agency individually. 12 C.F.R. § 1022.136(a). If a consumer reporting agency fails to comply with the Fair Credit Reporting Act, the statute allows plaintiffs to recover damages from the agency on theories of both willful noncompliance and negligent noncompliance. 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a)(1)(2).

### III. ANALYSIS

First of all, pursuant to Local Rule 7.1(c), Hart's failure to respond to Equifax's motion for judgment on the pleadings qualifies as an admission of the merits of Equifax's arguments, and the Court will construe it as such. But regardless, Equifax has not violated the Fair Credit Reporting Act. This is because Hart did not request his credit report from the central source, as § 1681j(a)(1)(B) requires. Rather, Hart sent his request directly to Equifax, so Equifax's refusal to disclose Hart's credit report was the proper application of the statute. Hart's complaint fails to

plead any violation of the Fair Credit Reporting Act—whether his theory is one of willful noncompliance, negligent compliance, or otherwise. Moreover, it would be futile for the Court to allow Hart to amend his complaint because he has already demonstrated through his attached exhibits that he is not entitled to relief.

This case mirrors a case in the Northern District of Illinois, where the Court summed up the issue by stating: "while [the consumer credit agency] might have made greater effort to accommodate Plaintiff's special circumstances [as a prisoner], the facts do not reflect a violation of any provision of the Fair Credit Reporting Act." *Garland v. Equifax*, *et al.*, No. 3:15-cv-50305, ECF No. 104 at 3 (N.D. Ill. Oct. 27, 2017). If prisoners wish to obtain free copies of their credit reports pursuant to the Fair Credit Reporting Act, they are—at this time, at least—bound by the terms of the statute.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Equifax's motion for judgment on the pleadings. (Doc. 16.) The Court **DISMISSES** this case with prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: SEPTEBMER 7, 2018**

                                        **s/ *J. Phil Gilbert***
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**